UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY HOWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01710-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT CERTAIN CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF NOS. 1 & 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　　　Michael Howard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the complaint commencing this action on November 29, 2018. (ECF No. 1). The Court screened Plaintiff's complaint. (ECF No. 15). The Court found that only the following claims should proceed past the screening stage: "Plaintiff's claim against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, and A. Encinas for excessive force in violation of the Eighth Amendment; Plaintiff's claim against defendant Tumacder for failure to protect in violation of the Eighth Amendment; Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, A. Encinas, Tumacder, Soto, Hanna, and Blevins; Plaintiff's Bane Act claim against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, and A. Encinas; and Plaintiff's assault and battery claims against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, and A. Encinas." (Id.

at 17).

The Court allowed Plaintiff to choose between proceeding only on the claims found cognizable by the Court in the screening order, amending the complaint, or standing on the complaint subject to the Court issuing findings and recommendations to a district judge consistent with the screening order. (Id. at 18-19). On July 26, 2019, Plaintiff notified the Court that he wants to proceed only on the claims found cognizable in the screening order. (ECF No. 16).

Accordingly, for the reasons set forth in the Court's screening order that was entered on July 11, 2019 (ECF No. 15), and because Plaintiff has notified the Court that he wants to proceed only on the claims found cognizable in the screening order (ECF No. 16), it is HEREBY RECOMMENDED that all claims and defendants be dismissed, except for Plaintiff's claim against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, and A. Encinas for excessive force in violation of the Eighth Amendment; Plaintiff's claim against defendant Tumacder for failure to protect in violation of the Eighth Amendment; Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, A. Encinas, Tumacder, Soto, Hanna, and Blevins; Plaintiff's Bane Act claim against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, and A. Encinas; and Plaintiff's assault and battery claims against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, and A. Encinas.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **July 29, 2019**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE