UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY HOWARD,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SGT. ENCINAS, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 1:18-cv-01710-DAD-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO F. HANNA'S MOTION TO DISMISS WITHIN THIRTY DAYS |

Michael Howard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 18, 2019, F. Hanna filed a motion to dismiss on the ground that he is not named in the Court's order of service or the summons (W. Hanna is the named defendant). (ECF No. 28). Plaintiff was required to file an opposition or a statement of non-opposition to the motions within twenty-one days (Local Rule 230(l)), but did not do so. Local Rule 230(l) provides that the failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Thus, a Court may dismiss an action for a plaintiff's failure to oppose a motion to dismiss, where the applicable local rule determines that failure to oppose a motion will be deemed a waiver of opposition. See Ghazali, 46 F.3d 52 (dismissal

1

upheld even where plaintiff contended he did not receive motion to dismiss, where plaintiff had adequate notice, pursuant to Fed. R. Civ. P. 5(b), and time to file opposition); cf. Heinemann v. Satterberg, 731 F.3d 914, 916 (9th Cir. 2013) (holding that a motion for summary judgment cannot be granted based on a failure to file opposition, regardless of any local rule to the contrary).

Despite Plaintiff's failure to follow Local Rule 230(l), the Court will give Plaintiff an additional thirty days to file an opposition or statement of non-opposition to defendant F. Hanna's motion to dismiss. If Plaintiff does not oppose the motion because he agrees that F. Hanna is not the defendant named in the complaint, but still wants to proceed against W. Hanna,[1] W. Hanna will need to be served, and Plaintiff will need to provide the Court with additional information so that he can be served. The Court notes that defense counsel has alleged that "there was no 'W. Hanna' employed at CSP-Corcoran in October 2018, and there is still no 'W. Hanna' employed at CSP-Corcoran." (ECF No. 28, p. 4).

The Court will deem the failure to oppose the motion to dismiss as a waiver of any opposition to that motion, and may recommend that the motion be granted on that basis. Additionally, if Plaintiff fails to oppose the motion or file a statement of non-opposition, the Court may recommend that F. Hanna and W. Hanna be dismissed because of Plaintiff's failure to prosecute and failure to comply with a court order.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to defendant F. Hanna's motion to dismiss; and

2. If Plaintiff fails to comply with this order, the Court will deem the failure to oppose the motion to dismiss as a waiver of any opposition to that motion, and may recommend that the motion be granted on that basis. Additionally, the Court

---

[1] If Plaintiff does not want to proceed against W. Hanna, Plaintiff may file a notice of voluntary dismissal as to W. Hanna.

may recommend that F. Hanna and W. Hanna be dismissed because of Plaintiff's failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: **January 13, 2020**  /s/ *Erin P. Grosj*
UNITED STATES MAGISTRATE JUDGE