UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY HOWARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SGT. ENCINAS, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-01710-DAD-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS LENO AND W. HANNA BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>TWENTY-ONE DAY DEADLINE |

　　　　Michael Howard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes state law claims.

　　　　This case now proceeds "on Plaintiff's complaint filed November 19, 2018 (ECF No. 1), on the following claims: Plaintiff's claim against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, and A. Encinas for excessive force in violation of the Eighth Amendment; Plaintiff's claim against defendant Tumacder for failure to protect in violation of the Eighth Amendment; Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, A. Encinas, Tumacder, Soto, [W.] Hanna, and Blevins; Plaintiff's

1

Bane Act claim against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, and A. Encinas; and Plaintiff's assault and battery claims against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, and A. Encinas." (ECF No. 17, p. 1).

Neither defendant Leno nor defendant W. Hanna[1] has been served. The summons directed to defendant Leno was returned unexecuted. The United States Marshals Service conducted a review of the relevant duty roster, but "[t]here was no CO named Leno or anything close to that working on the day of the incident." (ECF No. 24). Additionally, the Marshals Service certified that it was unable to locate defendant Leno. (Id.).

As to defendant W. Hanna, evidence has been submitted that was no W. Hanna working at the institution when the incident occurred, and that there is still no W. Hanna employed at the institution. (ECF No. 28-1, pgs. 1-2, ¶ 2).

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshals Service, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902

---

[1] F. Hanna has waived service and filed a motion to dismiss, but W. Hanna has not yet been served.

F.2d 598, 603 (7th Cir.1990)). However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshals Service with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

As discussed above, neither defendant Leno nor defendant W. Hanna has been served, and it appears that there was no "Leno" or "W. Hanna" working at the institution on the day of the incident alleged in the complaint. Thus, Plaintiff has failed to provide the Marshals Service with accurate and sufficient information to effect service of the summons and complaint on these defendants. The Court notes that Plaintiff has not provided any additional identifying information for these defendants, has not requested the issuance of a third party subpoena so that he can attempt to find additional information, and has not moved to substitute anyone in place of these defendants.

Accordingly, pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why defendants Leno and W. Hanna should not be dismissed from the case because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on these defendants. If Plaintiff is unable to provide the Marshal with additional information, and if he does not request the issuance of a third party subpoena so that he can attempt to identify these defendants, the Court will issue findings and recommendations to the assigned district judge, recommending that these defendants be dismissed from the case, without prejudice.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause why the Court should not issue findings and recommendations to the assigned district judge, recommending that defendants Leno and W. Hanna be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m); and

///

///

2. Failure to respond to this order may result in defendants Leno and W. Hanna being dismissed from this action, without prejudice.

IT IS SO ORDERED.

Dated: **February 25, 2020**  /s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE