UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>SGT. ENCINAS, et al.,<br><br>Defendants. | Case No. 1:18-cv-01710-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF NO. 43) |

Michael Howard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes state law claims.

On March 13, 2020, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 43).[1] Plaintiff asks for appointment of counsel because he has developmental disabilities within the meaning of the Americans with Disabilities Act, which require therapeutic treatment and psychiatric medications; because he is currently housed in the SHU unit; because he is being denied access to the law library and legal materials; because he is not being provided with access to an assistant who is trained in the law; and because Plaintiff needs counsel to assist him with gathering the evidence he needs to prove his case.

---

[1] To the extent Plaintiff is asking the Court to order officials at his institution of confinement to provide him with access to the law library and legal materials, he should file a separate motion.

1

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **March 16, 2020**            /s/ Eric P. Groj
                                                    UNITED STATES MAGISTRATE JUDGE