UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY HOWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SGT. ENCINAS, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01710-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT F. HANNA'S MOTION TO DISMISS BE GRANTED<br><br>(ECF NO. 28)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**I.　　BACKGROUND**

　　　Michael Howard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes state law claims.

　　　This case is currently proceeding "on the following claims: Plaintiff's claim against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, and A. Encinas for excessive force in violation of the Eighth Amendment; Plaintiff's claim against defendant Tumacder for failure to protect in violation of the Eighth Amendment; Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, A. Encinas, Tumacder, Soto, Hanna, and Blevins; Plaintiff's Bane Act claim against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, and A. Encinas; and Plaintiff's assault and battery claims against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno, and A.

Encinas." (ECF Nos. 17, p. 1).  All other claims and defendants have been dismissed.  (ECF No. 31).

On September 18, 2019, defense counsel, on behalf of F. Hanna, executed a waiver of service of summons.  (ECF No. 25).  On October 18, 2019, F. Hanna filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) on the ground that he is not named in the Court's order of service or in the summons.  (ECF No. 28).  Plaintiff filed his opposition to the motion on January 30, 2020.  (ECF No. 35).  F. Hanna filed his reply on February 7, 2020.  (ECF No. 37).

For the reasons that follow, the Court will recommend that F. Hanna's motion be granted.

**II.     F. HANNA'S MOTION TO DISMISS**

   **A.     Legal Standards**

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a party may challenge the sufficiency of service of process by motion.  "[A] motion to dismiss or quash service pursuant to Federal Rules of Civil Procedure 12(b)(5) challenges the sufficiency of the manner of attempted service."  Perrotte v. Johnson, 2016 WL 4440972, at *4 (E.D. Cal. Aug. 22, 2016), report and recommendation adopted, 2016 WL 5661719 (E.D. Cal. Sept. 29, 2016).  "The manner of service may be improper … where the wrong person is served…."  Duran v. Macias-Price, 2007 WL 4554390, at *1 (E.D. Cal. Dec. 20, 2007).  "Where service of process is insufficient, the court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant."  Cranford v. U.S., 359 F.Supp.2d 981, 984 (E.D. Cal. 2005) (citing Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985)).

   **B.     Discussion**

F. Hanna argues that he should be dismissed from this action, because, although he waived service, he is not a proper party to this action.  "Rather, the correct Defendant is 'W. Hanna,' given that: (1) Plaintiff's complaint names W. Hanna as a defendant (see ECF No. 1 at 10); (2) Plaintiff's complaint attaches medical records related to his treatment by 'Waad Hanna' (see id. at 31-41); and (3) this Court ordered service on and directed a summons to 'W.

Hanna' (*see* ECF Nos. 17, 19)."  (ECF No. 28, p. 5).

"F. Hanna acknowledges that his name does appear once in the complaint, although not as a named defendant.  (*See* ECF No. 1 at 22 (referencing 'F. Hanna'); *but see id.* at 10 (identifying 'W. Hanna' as a named defendant).)  Thus, while F. Hanna should be dismissed at this juncture as an improper party, F. Hanna does not oppose this Court providing Plaintiff leave to amend his complaint to clarify his allegations, if any, against F. Hanna.  If a claim against F. Hanna survives screening under 28 U.S.C. § 1915A(a) and a new summons is issued identifying F. Hanna, F. Hanna intends to appear in this action and defend against Plaintiff's claim."  (ECF No. 28, p. 5).

In a declaration attached to the motion, the litigation coordinator at California State Prison, Corcoran, states that he or she reviewed the database of current and prior employees, and that F. Hanna is currently employed as a supervising dentist, and that F. Hanna was employed in that capacity in October of 2018.  (ECF No. 28-1, p. 2).

Plaintiff filed an opposition, but his entire opposition consists of one paragraph:

> I Michael Howard am opposing F. Hannas Motion to Dismiss due to in my medical records show that there is a Hanna wether its F. Hanna or a W. Hanna thats a typo on CDCRs behalf.  Regardles theres a Hanna as the CMO for Corcran State Prison wich my medical records wich are attached exibits on the complaint clearly show so there for I still wish to move forward aginst F. Hanna.

(ECF No. 35).[1]

In his reply, F. Hanna notes that the medical records attached to Plaintiff's complaint refer to Waad Hanna, not F. Hanna.  (ECF No. 37, p. 1).

The Court will recommend that F. Hanna's motion be granted because it appears that the wrong person was served and waived service.  W. Hanna is the defendant named in Plaintiff's complaint, not F. Hanna.  (ECF No. 1, p. 10).  Moreover, F. Hanna does not appear to be the individual Plaintiff is attempting to sue.  Plaintiff does not dispute that F. Hanna is not the Chief Medical Officer (CMO), and the medical records attached to the complaint do not refer to F. Hanna.

---

[1] Typographical and Grammatical errors in original.

Thus, it appears that the wrong person was served and waived service. Accordingly, the Court will recommend that F. Hanna's motion to dismiss be granted.

### III. RECOMMENDATIONS

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. F. Hanna's motion to dismiss (ECF No. 28) be granted; and
2. F. Hanna be dismissed from this action.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 13, 2020**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE