1

2

3

4

5

6

7

8

9

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  MICHAEL ANTHONY HOWARD, | Case No. 1:18-cv-01710-DAD-EPG (PC) |
| 11  Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS LENO AND W. HANNA BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M) |
| 12  v. | |
| 13  SGT. ENCINAS, et al., | |
| 14  Defendants. | (ECF NOS. 17, 18, 19, & 39) |
| 15 | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |
| 16 | |
| 17 | |

18  **I.      BACKGROUND**

19          Michael Howard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

20  *pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes state law

21  claims.

22          This case now proceeds "on Plaintiff's complaint filed November 19, 2018 (ECF No.

23  1), on the following claims: Plaintiff's claim against defendants J. Flores, J. Alejo, R. Nichols,

24  H. Rodriguez, A. Loza, Leno, and A. Encinas for excessive force in violation of the Eighth

25  Amendment; Plaintiff's claim against defendant Tumacder for failure to protect in violation of

26  the Eighth Amendment; Plaintiff's claim for deliberate indifference to serious medical needs in

27  violation of the Eighth Amendment against defendants J. Flores, J. Alejo, R. Nichols, H.

28

Rodriguez, A. Loza, Leno, A. Encinas, Tumacder, Soto, [W.] Hanna, and Blevins; Plaintiff's

Bane Act claim against defendants J. Flores, J. Alejo, R. Nichols, H. Rodriguez, A. Loza, Leno,

and A. Encinas; and Plaintiff's assault and battery claims against defendants J. Flores, J. Alejo,

R. Nichols, H. Rodriguez, A. Loza, Leno, and A. Encinas."  (ECF No. 17, p. 1).  All other

claims and defendants were dismissed.  (ECF No. 31).

Neither defendant Leno nor defendant W. Hanna[1] has been served.  The summons

directed to defendant Leno was returned unexecuted.  (ECF No. 24).  The United States

Marshals Service conducted a review of the relevant duty roster, but "[t]here was no CO named

Leno or anything close to that working on the day of the incident."  (Id.).  The assigned Deputy

or Clerk certified that he or she was unable to locate defendant Leno.  (Id.).

As to defendant W. Hanna, evidence has been submitted that there was no W. Hanna

working at the institution when the incident occurred, and that there is still no W. Hanna

employed at the institution.  (ECF No. 28-1, pgs. 1-2).

Accordingly, the Court issued an order to show cause, directing Plaintiff to "show cause

why the Court should not issue findings and recommendations to the assigned district judge,

recommending that defendants Leno and W. Hanna be dismissed from this action, without

prejudice, pursuant to Federal Rule of Civil Procedure 4(m)."  (ECF No. 39, p. 3).  The

deadline for Plaintiff to respond to the order to show cause has passed, and Plaintiff has not

responded to the order to show cause or requested the issuance of a third party subpoena.

## II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

---

[1] F. Hanna waived service and filed a motion to dismiss on the ground that he is not named in the Court's order of service or in the summons (ECF No. 28), but W. Hanna has not been served.

1    In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of

2  the Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "'[A]n

3  incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal

4  for service of the summons and complaint and … should not be penalized by having his action

5  dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to

6  perform his duties….'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett

7  v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other

8  grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the

9  information necessary to identify the defendant, the marshal's failure to effect service is

10  'automatically good cause….'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902

11  F.2d 598, 603 (7th Cir.1990)).  However, where a plaintiff proceeding *in forma pauperis* fails

12  to provide the Marshal with accurate and sufficient information to effect service of the

13  summons and complaint, dismissal of the unserved defendant is appropriate.  Walker, 14 F.3d

14  at 1421-22.

15  **III.    ANALYSIS**

16    As discussed above, it appears that there was no "Leno" or "W. Hanna" working at

17  Plaintiff's institution of confinement on the day of the incident alleged in the complaint.  In

18  issuing its order to show cause, the Court gave Plaintiff an opportunity to provide the Marshal

19  with additional information and/or to request the issuance of a third party subpoena so that he

20  could attempt to identify these defendants.  (ECF No. 39, p. 3).  However, Plaintiff did not

21  respond to the order to show cause, provide the Marshal with additional information, or request

22  the issuance of a third party subpoena.

23    As Plaintiff has failed to provide the Marshal with accurate and sufficient information

24  to effect service of the summons and complaint on defendants Leno and W. Hanna within the

25  time period prescribed by Federal Rule of Civil Procedure 4(m), the Court will recommend that

26  these defendants be dismissed from the action, without prejudice.

27  \\\

28  \\\

**IV.     RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that defendants Leno and W. Hanna be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendants Leno and W. Hanna within the time period prescribed by Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **May 13, 2020**                          /s/ Erica P. Grosjean
                                                       UNITED STATES MAGISTRATE JUDGE