UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. ENCINAS, et al.,<br><br>    Defendants. | Case No. 1:18-cv-01710-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT: 1) THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND TO PROSECUTE THIS CASE; AND 2) ALL OUTSTANDING MOTION(S) BE DENIED AS MOOT<br><br>(ECF No. 65)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Michael Howard ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes state law claims.

On July 12, 2021, Defendants filed a motion for summary judgment "on the grounds that Plaintiff failed to properly exhaust administrative remedies related to the federal claims asserted in this action as required by 42 U.S.C. § 1997e; and Plaintiff failed to comply with the Government Claims Act, a prerequisite to maintaining his state-law claims." (ECF No. 61, p. 1). Defendants ask the Court to dismiss the action without prejudice. (ECF No. 61-2, p. 14).

Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days, Local Rule 230(l), but did not do so. Accordingly, the Court ordered Plaintiff to file an opposition or a statement of non-opposition within thirty days. (ECF No. 65). The Court warned Plaintiff that if he failed to comply with the order, "in ruling on

Defendants' motion for summary judgment the Court may treat the facts asserted by Defendants in their motion for summary judgment as undisputed.  Alternatively, the Court may recommend that this case be dismissed for failure to prosecute and failure to comply with a court order."  (Id. at 2).

Plaintiff's thirty-day deadline has passed, and Plaintiff once again failed to file an opposition or a statement of non-opposition.  Accordingly, the Court will recommend that this action be dismissed, without prejudice, for failure to comply with a court order and to prosecute this case.  The Court will also recommend that all outstanding motion(s) be denied as moot.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest….  It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...."  Id.  Here, Plaintiff's repeated failure to respond to Defendants' motion for summary judgment, despite being ordered to do so by the Court, is consuming the Court's limited time.  It is also delaying this case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's repeated failure to respond to Defendants' motion for

summary judgment that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with a court order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use.  And as it appears that Plaintiff has decided to stop prosecuting this case, excluding evidence would be a meaningless sanction.  Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and to prosecute this case;
2. All outstanding motion(s) be denied as moot; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 13, 2021**                        /s/ *Erica P. Grosjean*
                                                                      UNITED STATES MAGISTRATE JUDGE